### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-01802-5-DMW |
| | ) | CHAPTER 7 |
| KENNETH BRIAN KOVASALA, | ) | |
|         DEBTOR | ) | |
| _____ | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | ADVERSARY PROCEEDING |
|         PLAINTIFF | ) | NO. _____ |
| vs. | ) | |
| | ) | |
| KENNETH BRIAN KOVASALA, | ) | **COMPLAINT** |
|         DEFENDANT. | ) | |
| _____ | ) | |

NOW COMES Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned attorneys, complaining of Defendant as follows:

### PARTIES AND JURISDICTION

1. Wells Fargo is an entity organized under the laws of the state of South Dakota and duly authorized to do business in North Carolina.

2. Upon information and belief, the Defendant is a citizen and individual resident of Cary, Wake County, North Carolina and is neither an infant nor incompetent.

3. The underlying bankruptcy case was initiated by a voluntary petition filed under Chapter 7 of the Bankruptcy Code on or about March 31, 2014.

4. This is an adversary proceeding pursuant to 11 U.S.C. § 523 of the Bankruptcy Code objecting to the dischargeability of Wells Fargo's particular debt as set forth below.

5. This matter is a core proceeding, and the Bankruptcy Court for the Eastern District of North Carolina has jurisdiction over same pursuant to 28 U.S.C. § 151, 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. §523. Venue in this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

6. In January, 2014, the Defendant opened a VISA credit card account with Wells Fargo having a $6,000 credit limit.

7. Over the next 38 days, the Defendant made 100 separate charges on such credit card account, and made a single payment of $200, such that as of the last pre-petition charge on March 22, 2014, the balance due to Wells Fargo was $5,954.24. The Debtor also made two (2) additional charges on the Wells Fargo credit card after the petition date totaling $41.92, bringing the total outstanding balance to $5,996.16. See Exhibit 1.

8. According to the Defendant's Schedule I, at the time he filed this bankruptcy case he was employed at Netsertive, Inc. with an annual gross salary of $110,000, and monthly take home pay of $6,997.96. The Defendant's Schedule I also indicates that he has worked for the same employer for the previous two (2) years, and his Statement of Financial Affairs reports $108,710 in income to the Defendant in 2013.

9. According to the Defendant's Schedule J, he has 3 dependent children who do not live with him and has a total of $8,754 in monthly expenses, including $1,100 per month for rent, $1,400 per month for food and housekeeping supplies, and $5,000 per month for domestic support obligations, leaving the Defendant with a monthly budget deficit of $1,756.

10. The Debtor's Schedule D reflects that as of the petition date, the Defendant also owed $31,200 on an American Express card, $23,435.70 on a Chase credit card, $10,566.40 on a Nordstrom VISA card and $2,802 on a Citi credit card.

11. At his 2004 exam taken by the undersigned counsel on August 15, 2014, the Defendant stated that he largely used these other credit cards simply to supplement his household spending over the past several years, and opened up the Wells Fargo card in January 2014 for that same purpose because he had reached his credit limit on all of his other credit cards.

12. At his 2004 exam, the Defendant stated that he had planned to pay off these prior credit card accounts using marital assets he expected to be awarded in his divorce case, but he also stated that he knew as of January 2014 that he was not in fact going to get any of such marital assets when the final equitable distribution order was entered in his divorce case awarding all such marital assets to his former wife.

13. At his 2004 exam, the Defendant also stated that he first consulted with his bankruptcy attorney in January 2014.

14. At his 2004 exam, the Defendant also stated that there was no sudden precipitating event that caused him to have to file for bankruptcy when he did, but that he largely filed in response to the outcome of his divorce case.

15. By accepting the Wells Fargo credit card and incurring charges with same, the Defendant made an implied representation to Wells Fargo that he intended to repay each of the amounts charged.  Wells Fargo justifiably relied on such implied representation(s) by the Defendant, based upon the Defendant's credit report at the time

the Wells Fargo credit card account was opened and the lack of any "red flags" arising with respect to the account during the time it was in use by the Defendant.

16. However, inasmuch as the Defendant (i) knew he was running a budget deficit each month based on his historical income and expenses, (ii) knew he was not going to get any of his previously owned marital assets with which to pay his credit card accounts or otherwise supplement his monthly budget going forward and (iii) was already contemplating the filing of a bankruptcy case at the time he made each of the charges on his Wells Fargo credit card, Wells Fargo alleges that the monies in question were in fact obtained by the Defendant from Wells Fargo under false pretenses or via a false representation or via actual fraud, with no real intent by the Defendant to repay Wells Fargo for same.

17. As a direct and proximate result of the Defendant's false pretenses, false representations and/or actual fraud, Wells Fargo has sustained a loss in the principal amount of $5,971.21, for which recovery is sought herein.

18. Wells Fargo further seeks a determination by this Court that this debt owed to Wells Fargo is non-dischargeable in the Defendant's underlying Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Wells Fargo prays unto the Court as follows:

1. That Wells Fargo have and recover judgment against the Defendant in the amount of $5,996.16, plus post-judgment interest at the highest applicable rate;

2. That this Court determine that the judgment amount is non-dischargeable in the Defendant's underlying Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A);

3. That the costs of this action be taxed against the Defendant;

4. That Wells Fargo have such other and further relief as the Court may deem just and proper.

This 29th day of August, 2014.

       KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.


      By: s/ *Pamela P. Keenan*
        Pamela P. Keenan, NC State Bar No. 20328
        Attorneys for Wells Fargo Bank, N.A.
        2418 Blue Ridge Road, Suite 200
        Raleigh, NC  27607
        Telephone:  (919) 848-0420
        Facsimile:   (919) 848-4216
        Email: pkeenan@kirschlaw.com